# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD R. CORTEZ et al.,  )
)
    Plaintiffs,  )
)
vs.  )  3:11-cv-00872-RCJ-WGC
)
MORTGAGE ELECTRONIC REGISTRATION  )  **ORDER**
SYSTEMS, INC. et al.,  )
)
    Defendants.  )

    This is a standard foreclosure case involving one property. The Complaint filed in state court lists two causes of action: (1) Violation of Nevada Revised Statutes ("NRS") Section 106.210; and (2) Promissory Estoppel. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants removed and have moved to dismiss. For the reasons given herein, the Court grants the motion.

## I.  THE PROPERTY

    Plaintiffs Donald R. and Sharon M. Cortez gave lender Countrywide Home Loans, Inc. ("Countrywide") a $332,000 promissory note secured by a deed of trust ("DOT") against real property located at 1099 W. Plumb Ln., Reno, NV 89509 (the "Property") (*See* DOT 1–4, June 5, 2006, ECF No. 6-2). Recontrust Co., N.A. ("Recontrust") was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lenders "nominee." (*See id.*). MERS assigned the note and DOT to The Bank of New York Mellon ("Mellon") as trustee for a mortgage-backed security. (*See* Assignment, May 17, 2011, ECF No. 6-3). Recontrust filed the

1 notice of default ("NOD") based on a default of unspecified amount as of August 1, 2010. (*See*
2 NOD 1–2, July 14, 2011, ECF No. 6-4). Recontrust scheduled a trustee's sale for November 22,
3 2011. (*See* Notice of Trustee's Sale 1–2, Oct. 28, 2011, ECF No. 6-5). The foreclosure appears
4 to have been statutorily proper, as the original trustee foreclosed.

## II.  ANALYSIS

The foreclosure appears to have been proper under NRS section 107.080(2)(c) as it existed when Recontrust filed the NOD in July 2011. On May 20, 2011, the Governor approved Assembly Bill 284, which, *inter alia*, added the following conditions to a trustee's sale under NRS section 107.080(2)(c):

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation; **which, except as otherwise provided in this paragraph, includes a notarized affidavit of authority to exercise the power of sale stating, based on personal knowledge and under the penalty of perjury:**
>
> **(1) The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;**
>
> **(2) The full name and last known business address of every prior known beneficiary of the deed of trust;**
>
> **(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;**
>
> **(4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;**
>
> **(5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale; and**
>
> **(6) The date, recordation number or other unique designation of the instrument that conveyed the interest of each beneficiary and a**

> description of the instrument that conveyed the interest of each beneficiary.
>
> **The affidavit described in this paragraph is not required for the exercise of the trustee's power of sale with respect to any trust agreement which concerns a time share within a time share plan created pursuant to chapter 119A of NRS if the power of sale is being exercised for the initial beneficiary under the deed of trust or an affiliate of the initial beneficiary.**

Assemb. B. 284 § 9, 76th Leg., Reg. Sess. (Nev. 2011) (emphasis added). The emphasis in the above quotation indicates the added language. The amendments were originally to become effective on July 1, 2011, *see id.* § 15, and were to apply to all notices of default filed on or after that date, *see id.* § 14.5(4). However, on June 20, 2011, the Governor approved Assembly Bill 273, which amended the effective date of Assembly Bill 284 to October 1, 2011 and amended § 14.5 of the bill to provide that the amendments to NRS section 107.080 would apply only to notices of default filed on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011). Therefore, because the notice of default in this case was filed on July 14, 2011, the previous version of NRS section 107.080 applies, and the additional affidavit is not required.

In the first cause of action, Plaintiffs argue that the foreclosure was improper because NRS section 106.210 requires the recordation of any assignments of debt secured by a deed of trust before a trustee's sale may occur. The statute in its earlier form does not require this. *See* Nev. Rev. Stat. § 106.210(1) (2011) ("Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust *may* be recorded, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons." (emphasis added)). Plaintiffs cite to Section 1 of Assembly Bill 284, which makes such recordation mandatory before a trustee's sale upon foreclosure may occur:

> Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the

> beneficial interest under a deed of trust **must** be recorded, **in the office of the recorder of the county in which the property is located**, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons. **A mortgage of real property, or a mortgage of personal property or crops recorded prior to March 27, 1935, which has been assigned may not be enforced unless and until the assignment is recorded pursuant to this subsection. If the beneficial interest under a deed of trust has been assigned, the trustee under the deed of trust may not exercise the power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this subsection.**

Assemb. B. 284 § 1, 76th Leg., Reg. Sess. (Nev. 2011) (emphases added). The emphasis in the above quotation indicates the added language. Like the amendments to NRS section 107.080, the amendments to NRS section 106.210 were originally to go into effect on July 1, 2011. *See id.* § 15. However, Assembly Bill 273 changed the effective date of the amendment to October 1, 2011 and also amended the recordation requirement to apply only to assignments made on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011). And even if the new statute had gone into effect on July 1, 2011, it was to apply only to "any assignment of the beneficial interest under a deed of trust, which is made on or after July 1, 2011." *Id.* § 14.5(1). Because the assignment of the beneficial interest in this case occurred on May 17, 2011, the previous version of NRS section 106.210(1), under which recordation of an assignment was optional, would have applied even if the effective date had not been extended by Assembly Bill 273. The first cause of action therefore fails as a matter of law.

Plaintiffs noted at oral argument that it was possible the note had been further assigned without recordation subsequent to October 1, 2011, but they admitted they had no basis to allege any such transfer, and a theoretical possibility is not enough to survive a Rule 12(b)(6) motion under *Twombly* and *Iqbal*. Rather, Plaintiffs must be able to affirmatively allege such facts in good faith in order to meet the plausibility standard thereunder. They have not done so here.

In the second cause of action, which Plaintiffs entitle "contract violation," Plaintiffs appear to allege promissory estoppel based upon a promise to modify the note.

> To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 655 P.2d 996, 998–99 (Nev. 1982).

Plaintiffs allege that they entered into modification negotiations with Defendants, that Defendants promised to offer them some sort of modification, that Plaintiffs relied upon these representations by not requesting mediation under NRS section 107.086, and that Defendant reneged on their promise to offer a modification. (*See* Compl. ¶¶ 14–17, Nov. 14, 2011, ECF No. 1-1). But Plaintiffs have not pled any particular promise. They do not allege to have entered into a trial period or to have been offered any particular modification that they accepted. They allege only a promise to negotiate. Plaintiffs have not sufficiently stated a promissory estoppel claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss and Expunge the Lis Pendens (ECF No. 6) is GRANTED. The lis pendens is EXPUNGED.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge